UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 8:19-CR-00098-JLS |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER |
| SETH KELLY GIFFORD. | 18 U.S.C. § 3582(c)(1)(A) |
| | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ ~~the Director of the Bureau of Prisons~~ for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A),[1] and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ ~~GRANTED~~

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

---

[1] The Court construes Defendant's "Supplemental Information" (Doc. 46) as a renewed Motion for Compassionate Release. (*See* Doc. 45, Order (denying without prejudice Defendant's Motion for Compassionate Release).)

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ___ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

_____

_____

_____

_____

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

_____
_____
_____
_____
_____
_____
_____
_____

☐ ~~DEFERRED~~ pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ **DENIED** after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant represents in his August 7, 2020 filing that he sent a request for compassionate release to the Warden. (*See* Doc. 46 at 1.) Therefore, the Court finds that he has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

Defendant fails to establish an extraordinary and compelling reason for sentence reduction. As a general matter, concerns regarding contracting COVID-19 while incarcerated do not justify an inmate's release or reduction in sentence.

3

*See, e.g., United States v. Drobot*, Case No. 8:14-cr-00034-JLS (C.D. Cal. July 21, 2020) (Doc. 330); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("We do not mean to minimize the risks that COVID-19 poses in the federal prison system, . . . [b]ut the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."); *United States v. Franklin*, No. 07-CR-178 (JDB), 2020 WL 4049917, at *2 (D.D.C. July 20, 2020) (rejecting argument "that COVID-19 is by itself an 'extraordinary and compelling reason' warranting compassionate release"); *Briggs v. United States*, No. 4:17-CR-33, 2020 WL 4032136, at *2 (E.D. Va. July 16, 2020) (acknowledging "the magnitude of the COVID-19 pandemic and its effect on prisons," but nevertheless concluding that "the pandemic alone does not warrant compelling and extraordinary reasons for the release of all inmates"); *United States v. Wade*, No. 5:15-CR-00458-EJD-1, 2020 WL 3254422, at *2 (N.D. Cal. June 16, 2020) ("[G]eneralized concerns about COVID-19, without other factors showing present extraordinary and compelling reasons to warrant modification of a sentence and immediate release from custody, are insufficient."). The Court has also considered Defendant's age (68), which places him at higher risk for complications from COVID-19 should he contract the disease. However, despite Defendant's age, the record does not reveal any underlying medical conditions that would also contribute to the development of complications should he contract COVID-19. (*See* Doc. 30, PSR ¶ 82 ("Gifford is healthy with no history of health problems.").)

Moreover, the most relevant 18 U.S.C. § 3553(a) factors, the nature and circumstances of Defendant's offense and his history and characteristics, counsel in favor of continued incarceration. Significantly, Defendant pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), but his offense conduct included distribution of child pornography as well. (*See* Doc. 8, Plea Agreement at 15.) The § 3553(a) factor regarding need to protect the public from further crimes by Defendant and the danger-to-the-community inquiry of 18 U.S.C. § 3142(g) also counsel in favor of continued incarceration. Defendant admitted to possessing hundreds of images and videos of child pornography, including depictions of sadistic and/or masochistic conduct, with the knowledge that these visual depictions involved real children engaging in sexually explicit conduct. (*See* Plea Agreement at 17; PSR ¶¶ 36-38.) Yet now Defendant contends "[t]here were no 'victims' identified." (Doc. 46 at 2.) This is simply wrong. Although not identified by name, certain real children depicted in the images were in fact identified through comparisons of known victim databases maintained by the National Center for Missing and Exploited Children. (*See* PSR ¶ 21.) Even more fundamentally, though, Defendant's express minimization of the victimization occasioned by his offense conduct does not support a finding that he is no longer a danger to the community.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative

remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the

defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

Dated:   September 22, 2020

_____
Hon. Josephine L. Staton
UNITED STATES DISTRICT JUDGE